UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CATALINA MARIA DAVIS,

　　Plaintiff,

　　　　v.

SPRINGFIELD PUBLIC SCHOOLS,  et al.,

　　Defendants.

Civil Action No. 25-30184-MGM

MEMORANDUM AND ORDER
June 10, 2026

MASTROIANNI, U.S.D.J.

## I.  INTRODUCTION

Plaintiff Catalina Maria Davis of Springfield, Massachusetts, initiated this action by filing an Application to Proceed in District Court Without Prepaying Fees or Costs and a complaint against her former employer for the alleged violation of her rights under the Americans with Disabilities Act ("ADA"). (Dkt. Nos. 1, 3).

For the reasons set forth below, the court allows Davis' Application to Proceed in District Court Without Prepaying Fees or Costs.

If Davis wishes to proceed in this matter, she must file an amended complaint which complies with the pleading requirements of the Federal Rules of Civil Procedure and sets forth a plausible claim upon which relief may be granted.

## II.  THE MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

Upon review of Davis' financial disclosures in her Application to Proceed in District Court Without Prepaying Fees or Costs, the court concludes that she has adequately demonstrated that she is without income or assets to pay the filing fee. Accordingly, Davis will be permitted to proceed *in forma pauperis*.

### III.    PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT

When a plaintiff proceeds without legal representation, the court must construe the complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Rodi v. S. New Eng. Sch. of Law*, 389 F.3d 5, 13 (1st Cir. 2004). Because Davis is proceeding without the prepayment of the filing fee, the complaint is subject to review to determine if it satisfies the requirements of 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Section 1915 authorizes the federal courts to dismiss an action in which a plaintiff seeks to proceed without prepayment of the filing fee if the action lacks an arguable basis either in law or in fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), or if the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915 (e)(2); *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### V.    DISCUSSION

Plaintiff brings this action against the Springfield Public Schools[1] and the following individuals: Sonia Dinnali, Superintendent of Schools; Kristen Reardon, Assistant Chief of Human Resources; Valerie Williams, Chief of Human Resources; Holly Janisieski, Human Resources Administrator; Wyatt Leak, Manager of Transportation Services; Debra Duncan, Transportation Department administrator; Ricardo Gurev[2], Assistant Chief of Student Services; and Jeremy Saint Laurent, Chief Legal Counsel. Plaintiff was initially hired as a bus monitor in 2013, and beginning on December 4, 2023, she worked as a crossing guard until March 17, 2025. In support of her claim, she alleges that the majority of her accommodation requests were denied and she appears to suggest that she was subsequently terminated.

---

[1] The Springfield Public Schools is not a legal entity. The Springfield School Department is a department within the City of Springfield, a Commonwealth of Massachusetts municipal corporation.

[2] The Clerk listed Ricardo Gurev on the docket as Ricardo Rab.

Plaintiff alleges that she was subject to discrimination and retaliation in violation of the Americans with Disabilities Act of 1990 ("ADA"). Title I of the ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to . . . the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a); *see Richardson v. Friendly Ice Cream Corp.*, 594 F.3d 69, 75 (1st Cir. 2010). Under the ADA, the term "discriminate" also includes "not making reasonable accommodations to the known physical or mental limitations of an otherwise qualified individual with a disability . . . unless the accommodation would impose an undue hardship on the operation of the business." *Id.* § 12112(b)(5)(A); *see Higgins v New Balance Athletic Shoe, Inc.,* 194 F.3d 252, 264 (1st Cir. 1999).

As an initial matter, Davis' claims against the individual defendants are subject to dismissal because there is no individual liability under the ADA. Title I of the ADA addresses discrimination on the basis of disability by an "employer, employment agency, labor organization, or joint labor-management committee." 42 U.S.C. §§ 12111(2), 12112. It is settled in the First Circuit that there is no individual or supervisory liability for discrimination under Title I of the ADA. *Hagenah v. Cmty. Enters., Inc.*, No. 15-CV-30036-KAR, 2016 WL 1170963, at *3 (D. Mass. Mar. 23, 2016) (citing *Roman-Oliveras v. P.R. Elec. Power Auth.*, 655 F.3d 43, 45 (1st Cir. 2011)).

In addition, employees alleging disability discrimination or retaliation "must file an administrative claim with the EEOC or with a parallel state agency before a civil action may be brought." *Thornton v. United Parcel Serv., Inc.,* 587 F.3d 27, 31 (1st Cir. 2009). "Claims . . . under the ADA are subject to the same remedies and procedures as those under Title VII of the Civil Rights Act of 1964." *Farris v. Shinseki*, 660 F.3d 557, 562 (1st Cir. 2011) (citing 42 U.S.C. §§ 2000e *et seq.*; 42 U.S.C. § 12117(a)). The purpose of filing an administrative charge as a prerequisite to commencing a civil action is to promote early conciliation between the parties, as well as to provide prompt notice

3

of the claim to the employer. *Gonzalez-Nieves v. Miranda*, 264 F. Supp. 3d 357, 361 (D.P.R. 2017) (citing *Lattimore v. Polaroid Corp.,* 99 F.3d 456, 464 (1st Cir. 1996)).

Here, Davis has not alleged exhaustion of her administrative remedies before filing this suit.

## VI. PLAINTIFF MAY FILE AN AMENDED COMPLAINT

Although dismissal of the complaint is justified, Davis will be given leave to file an amended complaint to address the deficiencies identified above. The filing of an amended complaint completely replaces the original complaint. *Brait Builders Corp. v. Massachusetts, Div. of Capital Asset Mgt.*, 644 F.3d 5, 9 (1st Cir. 2011). Any amended complaint must comply with the pleading requirements outlined in the Federal Rules of Civil Procedure. An amended complaint shall: (1) provide a jurisdictional basis for the claims in accordance with Rule 8(a)(1) of the Federal Rules of Civil Procedure; (2) include a demand for judgment for the relief sought as required by Rule 8(a)(3) of the Federal Rules of Civil Procedure; and (3) fully describe the incidents as well as each defendant's conduct. Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

## VII. CONCLUSION

For the reasons set forth above,

1.     Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Dkt. No. 2) is  ALLOWED.

2.     If Plaintiff wishes to proceed in this matter, she must file an amended complaint which sets forth a plausible claim upon which relief may be granted and complies with the Federal Rules of Civil Procedure on or before July 10, 2026.  Failure to comply with these directives will result in the dismissal of this action.

It is So Ordered.

  /s/ Mark G. Mastroianni  
MARK G. MASTROIANNI

4

United States District Judge